UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): DEFENDANT DELL'S MOTION TO DISMISS PORTIONS OF THE FIRST AMENDMENT COMPLAINT** (filed November 28, 2011)

**DEFENDANT APEX'S MOTION FOR JUDGMENT ON THE PLEADINGS** (filed December 9, 2011)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of January 9, 2012, is hereby vacated, and the matter is taken under submission.

**I.    INTRODUCTION**

On October 14, 2011, plaintiff John Harden, a former employee of Apex Systems, Inc ("Apex") and Dell, Inc. ("Dell") (collectively "defendants"), filed the instant action in the Los Angeles County Superior Court.  Plaintiff filed his first amended complaint ("FAC") on October 31, 2011.  Plaintiff's FAC alleges 13 claims related to the termination of his employment.

Dell filed a motion to dismiss portions of plaintiff's FAC on November 28, 2011. Specifically, Dell seeks the dismissal of plaintiff's seventh, eighth, eleventh, twelfth, and thirteenth claims respectively for retaliation under Title VII and California's Fair Employment and Housing Act, intentional infliction of emotional distress, negligent misrepresentation, and promissory estoppel.  Apex filed a motion for judgment on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

pleadings with respect to the same claims on December 9, 2011.[1]  Plaintiff opposed Dell's motion to dismiss on December 16, 2011.  Thereafter, on December 19, 2011, plaintiff opposed Apex's motion for judgment on the pleadings.  Dell replied on December 22, 2011.  Apex replied on December 23, 2011.  After carefully considering the parties arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff is an information technology consultant.  FAC ¶¶ 6, 11.  In June 2010, plaintiff was recruited by Apex to fill a temporary position at Dell.  Id. ¶¶ 7, 8, 14.  Plaintiff began working in the temporary position at Dell on July 6, 2010, and continued in that position until December 16, 2011.  Id. ¶ 29.  Plaintiff alleges that prior to his temporary hiring, Apex conducted a background check at Dell's request, which revealed that plaintiff had been convicted of a summary offense in Pennsylvania.  Id. ¶¶ 21–27.

On December 1, 2010, Dell made a permanent offer of employment to plaintiff by way of written letter.  Id. ¶ 35.[2]  The offer letter expressly stated that the offer was

---

[1] Apex incorporates each of Dell's arguments into its motion for judgment on the pleadings.

[2] Contemporaneously with its motion to dismiss, Dell filed a request that the Court take judicial notice of the contents of the letter offering plaintiff a permanent position and plaintiff's acceptance thereof.  Dkt. No. 8-2 at 1.  Plaintiff objects to Dell's request on two principal grounds: (1) that the documents are not referenced or relied upon in the FAC; and (2) that the documents' contents are subject to dispute.  The Court finds it appropriate to take judicial notice of Dell's offer letter and plaintiff's acceptance.  Plaintiff explicitly alleges in his complaint that "the offer of employment was confirmed in writing on December 1, 2010," and that he signed the offer letter.  FAC ¶¶ 35, 37.  The gravaman of plaintiff's complaint is that Dell offered him employment and then rescinded that offer when his background check showed a conviction for a summary offense.  FAC ¶¶ 35–47.  Thus, Dell's offer of employment is at the heart of plaintiff's claims against Dell.  Furthermore, plaintiff offers no evidence in support of his challenge to the authenticity of Dell's employment offer letter.  Under Fed. R. Evid 201(b), a Court may take judicial notice of facts "not subject to reasonable dispute."  Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

conditional and contingent upon "successful completion of all aspects of the candidate application process, which includes . . . passing a pre-employment drug screen and background check . . . ." On December 7, 2011, Plaintiff accepted the offer and acknowledged that the letter and attachments constituted his "entire agreement" with Dell, and that it could "not be modified or altered by any oral or implied agreement." Id.; Declaration of Tonya Stice ("Stice Decl."), Exh. A., Dell Employment Agreement, ¶ 13. Plaintiff alleges that, based upon Dell's promise to hire him, he relocated to a larger living space closer to the airport because he was required to travel by plane weekly. FAC ¶ 41. Plaintiff further alleges that he informed his manager that he would be moving based on the understanding that he would be permanently employed by Dell. Id. ¶ 42. According to plaintiff, his manager had previously stated that the background check was a technicality, and encouraged the move. Id. ¶¶ 39, 42.

     Plaintiff alleges that on December 16, 2011, Dell informed him in writing that he was being terminated, and that there would be a five-day window for reconsideration if plaintiff cleared up the summary offense on his background report. Id. 45, 54. On December 19, 2010, plaintiff notified Dell that he believed their conduct violated antidiscrimination laws. Id. ¶ 56. Plaintiff alleges that after he stated his objections, and prior to the conclusion of the five-day reconsideration period, Dell ceased all communications with plaintiff, told Apex to terminate his employment, terminated his ability to access Dell's email system, and failed to respond to plaintiff's written request for employment documents. Id. ¶¶ 56–57. Plaintiff also alleges that when he was terminated, he was at an out-of-state location performing consulting services for Dell, and that Dell failed to make arrangements for plaintiff to be transported back to his home in California. Id. ¶¶ 45–46.

**III.   LEGAL STANDARD**

    **A.   Motion to Dismiss**

     A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

---

conclusory challenge to the documents' authenticity does not create a dispute of the sort that would preclude judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

## IV. DISCUSSION

### A. Plaintiff's Claims for Retaliation

Plaintiff alleges that Dell retaliated against him because he complained that his termination violated Title VII and California's Fair Employment and Housing Act. FAC ¶¶ 120–136.

In order to state a claim for retaliation under either statutory scheme, a plaintiff must allege (1) that he engaged in a protected activity; (2) that the defendant thereafter subjected him to an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. Addy v. Bliss & Glennon, 44 Cal. App. 4th 205, 216 (1996); Davis v. Team. Elec. Co., 520 F. 3d 1080, 1093–94 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

      Dell contends that plaintiff has failed to state a viable claim for retaliation because plaintiff pled that he was notified that his temporary position would end before he complained of discrimination and because his offer of employment was withdrawn before he complained of discrimination.  Mot. at 4 (citing Silver v. KCA, Inc., 586 F. 2d 138, 143 (9th Cir. 1978) (plaintiff's termination could not have been in retaliation for filing EEOC charge, where charge was filed three days after termination)).  In addition, Dell argues that plaintiff's retaliation claims fail because plaintiff has not alleged that the person to whom he complained was involved in the decision to rescind his offer of permanent employment and terminate his temporary assignment.  Id. at 4–5 (citing Morgan v. Regents of the University of California, 88 Cal. App. 4th 52, 69–74 (Cal. Ct. App. 2004) (finding no causal link where decision-makers responsible for failing to hire a plaintiff were not aware of plaintiff's complaints at the time they decided not to hire him.))

      In opposition, plaintiff argues that Dell's retaliation was not limited to its initial decision to terminate plaintiff's employment.  Specifically, plaintiff contends that Dell also retaliated against him by withdrawing the five-day reconsideration period prematurely, and by terminating all communications with plaintiff within hours after he complained of discrimination.  Opp'n at 10; FAC ¶ 53.  In addition, plaintiff maintains that he is not required to establish precisely who made the adverse employment decision at this stage of the litigation.  Opp'n at 11–12.

      In reply, Dell argues that plaintiff improperly seeks to "parse out" each step of the termination process and claim that each step constitutes a separate adverse employment action.  Reply at 1.  According to Dell, this approach has been rejected by the U.S. Supreme Court.  Id. (citing Clark County School Dist. v. Breeden, 532 U.S. 268 (2001) (per curiam)).

      The Court finds that plaintiff has adequately stated claims for retaliation.  In reaching this determination, the Court finds Breeden inapposite.  In that case, the Supreme Court found no causal connection between an employee's filing of a lawsuit and her transfer to a new position.  The Court reasoned that even though the transfer occurred after plaintiff filed her lawsuit, there was no causal connection because the transfer was previously planned.  532 U.S. at 272.  In contrast, here plaintiff alleges more than one adverse action.  While plaintiff's initial termination could not establish a causal connection because it occurred before plaintiff threatened suit, the alleged premature

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

withdrawal of the reconsideration period and the termination of all communications with plaintiff occurred very shortly *after* he complained of discrimination.[3]  Thus, plaintiff has adequately alleged a causal connection between protected activity and an adverse employment action by Dell.[4]

### B.      Plaintiff's Claim for Intentional Infliction of Emotional Distress

Plaintiff's eleventh claim is for intentional infliction of emotional distress.  FAC ¶¶ 147–152.

In order to state a claim for intentional infliction of emotional distress, a plaintiff must plead: (1) that the defendant engaged in outrageous conduct; (2) that the defendant engaged in such conduct with the intention of causing plaintiff to suffer emotional distress; (3) that the plaintiff suffered severe emotional distress; and (4) that the plaintiff's emotional distress was actually and proximately caused by the defendant's conduct.  Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (Cal. 1993).  To qualify as outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community."  Christiansen v. Sup. Ct., 54 Cal. 3d 868, 903 (Cal. 1991).  As a matter of law, normal personnel actions such as terminating an

---

[3] Breeden is also distinguishable from this case because it was decided on a motion for summary judgment, unlike here, the Court was not required to accept plaintiff's allegations as true.

[4] Dell's reliance on Morgan, 88 Cal. App. 4th 52, 69–74, is misplaced.  That case addressed the causal connection at the summary judgment stage, well after discovery had closed, and after the plaintiff had an opportunity to determine exactly who was responsible for taking the alleged adverse employment action.

Additionally, plaintiff's allegation that Dell withdrew the reconsideration period and terminated all communications within hours after he complained of discrimination is itself sufficient to establish a plausible causal connection.  See Silva v. Bowie State Univ., 172 Fed. Appx. 476, 478 (4th Cir. 2006) (holding that a ten-week lapse of time between a plaintiff's protected activity and the adverse employment action adequately established a causal connection sufficient to defeat a motion to dismiss).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

employee, even without good cause, do not constitute the type of sufficiently extreme and outrageous conduct necessary to support a claim for intentional infliction of emotional distress. Fowler v. Varian Assocs., Inc. 196 Cal. App. 3d 34, 44 (Cal. Ct. App. 1987).

The Court finds that plaintiff has failed to state a claim for intentional infliction of emotional distress for two reasons. First, plaintiff has failed to allege that Dell engaged in any outrageous conduct. Indeed, plaintiff alleges that Dell failed to hire him and terminated his temporary assignment. Such personnel actions do not support a claim for intentional infliction of emotional distress. See Fowler, 196 Cal. App. 3d at 44. Next, although plaintiff has alleged Dell was "extremely negligent" and acted without regard for his emotional welfare, plaintiff has not alleged that Dell engaged in such conduct with the *intent* to cause plaintiff emotional distress, nor has plaintiff alleged that he suffered severe emotional distress. FAC ¶¶ 148–150; See Potter, 6 Cal. 4th at 1001.

### C. Plaintiff's Claim for Negligent Misrepresentation

Plaintiff's twelfth claim is for negligent misrepresentation. FAC ¶¶ 153–161.

In order to state a claim for negligent misrepresentation, a plaintiff must plead (1) a representation as to a material fact; (2) that the representation is untrue; (3) that the defendant made the representation without a reasonable ground for believing it true; (4) an intent to induce reliance; (5) justifiable reliance; and (6) damage. Brokaw v. Qualcomm, Inc., 2003 U.S. Dist. Lexis 26520, No. 01-1172 DMS (AJBx), *8–9 (S.D. Cal. Oct. 31, 2003).

Plaintiff has failed to state a claim for relief for two reasons. First, the only alleged misrepresentation upon which plaintiff bases his claim is that his manager told him Dell's background check was a mere "technicality." FAC ¶ 39. Such a statement is not the type of express representation that will support a claim for negligent misrepresentation. Rather, such a statement is merely an "implied assertion" that Dell would employ plaintiff regardless of the results of his background check, and is therefore insufficient to support a claim for negligent misrepresentation. Brokaw, 2003 U.S. Dist. Lexis 26520 at *11. Next, and more fundamentally, plaintiff cannot plead justifiable reliance on Dell's alleged misrepresentation. This is so because an employee cannot demonstrate justifiable reliance on oral statements which are contrary to statements made in a written offer of employment. Id. at *11–14. In this case, plaintiff's offer letter expressly stated that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

plaintiff's offer was contingent upon plaintiff's successful completion of Dell's background check. Accordingly, any claim that plaintiff relied on a statement that the background check was a technicality does not support a claim for negligent misrepresentation as a matter of law.

### D.    Plaintiff's Claim for Promissory Estoppel

Plaintiff's thirteenth claim is for promissory estoppel. FAC ¶¶ 162–168.

In order to state a claim for promissory estoppel, a plaintiff must allege (1) a clear and unambiguous promise; (2) justifiable and foreseeable reliance; and (3) damage. Laks v. Coast Fed. Sav. & Loan Ass'n, 60 Cal. App. 3d 885, 890 (Cal. Ct. App. 1976).

Plaintiff's claim for promissory estoppel fails for the same reasons as his claim for negligent misrepresentation. That is, he does not allege a clear and unambiguous promise, and any alleged reliance on Dell's conditional offer of employment prior to plaintiff's passing of the background check was unreasonable as a matter of law. As explained above, Dell's offer letter made clear that plaintiff's employment was contingent upon the passing of Dell's background check. Plaintiff acknowledged that fact in writing as well as that no other written or oral terms applied to Dell's offer. Stice Decl., Exh. A, ¶ 13. Accordingly, plaintiff's alleged reliance on the statement by his manager that the background check was a "technicality" was unreasonable as a matter of law. See Laks, 60 Cal. App. 3d at 840–41 (alleged reliance on conditional offer prior to satisfaction of conditions found unreasonable as a matter of law).[5]

### V.    CONCLUSION

In accordance with the foregoing, the Court hereby DENIES in part and GRANTS in part DELL's motion to dismiss. Specifically, the Court DENIES Dell's motion to

---

[5] In this regard, plaintiff's reliance on Sheppard v. Morgan Keegan & Co. 218 Cal. App. 3d 61, 66 (Cal. Ct. App. 1990) and Comeaux v. Brown and Williamson Tobacco Co., 915 F. 2d 1264, is misplaced. In contrast to the present matter, in each of those cases the employer made a concrete offer. To the extent the offers in those cases were conditional, the plaintiffs satisfied all conditions such that their reliance was justifiable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09618 CAS (CWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | HARDEN V. DELL, INC.; ET AL. | | |

dismiss with respect to plaintiff's claims for retaliation. The Court GRANTS Dell's motion to dismiss with respect to plaintiff's claims for intentional infliction emotional distress, negligent misrepresentation, and promissory estoppel without prejudice. Apex's motion for judgment on the pleadings is similarly DENIED in part and GRANTED in part. Plaintiff shall have **twenty (20)** days to file an amended complaint.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |